FRIENDSHIP MANOR OF THE BRANCH OF KING'S DAUGHTERS AND SONS, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District    No. 80-147

Opinion filed December 19, 1980.

Eric F. Schwarz, of Van Der Kamp, Crampton & Snyder, P. C., of Rock Island, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Ronald D. Cobb, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Friendship Manor of the Branch of King's Daughters and Sons, Inc. (hereinafter Friendship Manor), appeals from the judgment of the Circuit Court of Rock Island County, sitting in review under the Administrative Review Act, wherein the court upheld the Department of Revenue's decision to deny Friendship Manor's application for exemptions from sales and use taxes. The sole issue raised is whether Friendship Manor is entitled to the tax exemptions on the basis that it is an "old people's home" whose property is used for charitable purposes. (See Ill. Rev. Stat. 1979, ch. 120, par. 500.7.) In this case, the issue raised has been clearly and repeatedly decided by the Illinois Supreme Court, most recently in *Small v. Pangle* (1975), 60 Ill. 2d 510, 328 N.E.2d 285.

The pertinent evidence indicates that Friendship Manor is a housing

complex for the elderly, complete with nursing care facilities. It is a not-for-profit organization with a purpose to provide a home for elderly citizens with attendant nursing care facilities as well. The evidence also indicates that residents in Friendship Manor must be healthy. Persons seeking admission must pay an "Entrance Endowment" of not less than $15,000, to a maximum of $37,450. Thereafter, an occupant must also pay monthly maintenance fees, ranging from $239 to $279 per month. In exchange for the entrance endowment and the monthly fee, an occupant is entitled to occupy his apartment for life, and he can use the attendant nursing care facilities. As the court noted in its opinion memorandum, the entrance endowment and the monthly charge both vary, dependent, not upon an applicant's ability to pay, but upon the size and location of the apartment selected. Given the evidence on Friendship Manor's financing and methods of operation, the trial court denied the requested tax exemption, basing that denial upon the Illinois Supreme Court's decisions in *Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, 233 N.E.2d 537, and *Small v. Pangle* (1975), 60 Ill. 2d 510, 328 N.E.2d 285. The Illinois Supreme Court in those decisions, on facts very similar to those of the instant case, denied exemptions to old people's homes where application for such exemptions was made under section 19.7 of the Revenue Act. (Ill. Rev. Stat. 1977, ch. 120, par. 500.7.) In both cases, an old people's home had contended that it was exempt from taxation, under section 19.7, because it was an old people's home whose property was used for charitable purposes. In *Korzen* the facts indicated that only healthy persons were admitted to the Methodist Home and also that a founder's fee was charged for apartments, along with a monthly charge. In *Small*, a sizeable monthly charge was imposed and persons who could not meet the charge were not admitted. In both cases the supreme court addressed section 19.7 of the Revenue Act, as well as the 1967 legislative amendments to that section. Section 19.7 lists property which is exempt from taxation:

> "All property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this state or any other state of the United States, and all property of old people's homes, when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit; and all free public libraries."

After setting forth this section, the Illinois Supreme Court, in *Small v. Pangle*, then turned to the constitutional provision upon which section 19.7 is based.

> "The right of the legislature to exempt real property from taxation arises under section 6 of article IX of the Illinois Constitution of 1970. This provides:

'The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes. The General Assembly by law may grant homestead exemptions or rent credits.' " (60 Ill. 2d 510, 514.)

The court then went on to discuss the interplay between the statutory and constitutional provisions within the context of the claimed exemption on the part of the old people's home. We quote at length from the supreme court opinion:

"The above [the constitutional provision] is clearly nothing more than a rephrasing of a similar provision contained in section 3 of article IX of the Illinois Constitution of 1870. Those cases interpreting the permissive legislative exemptions under the Constitution of 1870 are equally relevant to the limits of exemption now constitutionally permitted.

The basic premise, that statutes providing exemption from taxation shall be strictly construed because article IX of the Constitution subjects all property to taxation [citation] remains valid. [Citation.]

Three recent cases are dispositive of the issues presented in this case. In *Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, this court was presented with the identical basic issue. In *Korzen*, among other factors, applicants to the old people's home were required to submit detailed statements of their health, financial condition and personal history. They also were required to pay an entrance fee and monthly service charge, both of which were based upon the size and location of the quarters to which they were to be assigned. While the entrance fee varied from $6,000 to $25,000, the monthly charge ranged from $175 to $375. Nearly all of the funds were provided from the entrance and monthly service fees. The home was not required to continue to provide care and shelter for any resident who became unmanageable because of illness or unable to meet his monthly charge. Likewise there was no requirement to admit applicants who were unable to meet the typical charges imposed. It was not disputed that the plaintiff, a not-for-profit corporation, was operating a not-for-profit old people's home licensed by the State of Illinois under the auspices of a religious organization.

We observed, in *Korzen*, that while this appears to fit the definition of 'old people's home' as used in the statute, the statute could be no broader than permitted by the Constitution. The

statute could not declare such property as being used exclusively for charitable purposes. It is the province of the court to make that determination. [Citation.] We thus concluded that section 19.7 of the Revenue Act of 1939 did not intend to state that old people's homes would be exempt from taxation without being used exclusively for charitable purposes. *Korzen* then furnished guidelines to determine if the uses to which property was being put were charitable. It was stated that a charitable use is one for the benefit of an indefinite number of persons; that its funds are derived mainly from public and private charity; that charity is dispensed to all who need and apply for it and without obstacles placed in the way of those who need and would avail themselves of the charitable benefits dispensed; and, finally, that the term 'exclusively used' means the primary purpose for which property is used and not any secondary or incidental purpose. [Citation.]

In *Korzen* we also stated that the mere charging of fees, including monthly charges, would not necessarily disqualify the property from charitable use. We observed, however, that varying the charge on the basis of the size and desirability of the facility or room did not suggest charitable use. The failure to admit those who are unable to pay the required fee did not suggest a charitable use. The main source of income resulting from current charges, rather than gifts, bequests and donations did not suggest a charitable use. The absence of a legal obligation to keep and maintain any person who became unable to fulfill his financial obligation or otherwise became sick or unmanageable did not indicate a charitable purpose. The observations made in *Korzen* are applicable to the case at bar." 60 Ill. 2d 510, 514-16.

■■ Those same considerations and observations made in *Korzen* and in *Small* are also applicable in the case before us now. The circuit court properly noted that both *Korzen* and *Small* were directly in point. Friendship Manor residents must be healthy, although that requirement may be waived, provided the applicant is able to pay increased costs. Residents must also be able to pay the sizeable entrance endowment, which varies with the size and location of the accommodations selected. Residents must also be able to pay monthly charges varying with the size and location of the accommodations. These requirements for residents of Friendship Manor clearly undermine the asserted charitable purpose. The "charity" of Friendship Manor is not for the benefit of an indefinite number of persons. It is not dispensed to all who need and apply for it without obstacles. Friendship Manor is in the same position as the Methodist Old People's Home in *Korzen* or the Heritage House in *Small*. Those cases control the issues herein raised, and the action of the circuit

court in affirming the denial of an exemption to Friendship Manor is clearly correct.

Friendship Manor, on this appeal, does not argue the facts. The real basis of its argument on appeal is that *Korzen* and *Small* were wrongly decided. Regardless of the views of others, including the appellate court, as to the correctness of a supreme court decision, the supreme court decision is the law of the State, binding upon appellate courts as well as upon circuit courts. That law requires affirmance of the circuit court action in this case. Friendship Manor argues for a different definition of charitable use or charitable purpose than that set forth in *Korzen* and *Small*. Plaintiff seems to be suggesting that we disregard the definitive construction by the Illinois Supreme Court. Obviously we cannot and are not so inclined. The guidelines set forth by the Illinois Supreme Court for determining which uses of property are charitable are those which we must follow. We find they were followed by the Department of Revenue and the trial court in this case.

Next, in a most curious argument, Friendship Manor seeks to distinguish both *Korzen* and *Small*. It is alleged that these cases did not decide whether old people's homes were exempt under section 19.7. Plaintiff seems to feel that the issue was not raised and that the Illinois Supreme Court failed to analyze and examine section 19.7 in those cases. It should be clear from the opinions in *Small* and *Korzen* that section 19.7 was examined and was found to be limited by the constitutional provision permitting tax exemptions for charitable purposes. The Illinois Supreme Court construed section 19.7 so as to make it compatible with the constitution. In so doing the court found that old people's homes, such as those in question in *Small* and *Korzen*, were not entitled to an exemption under the section 19.7 as construed. Plaintiff's argument that the court has not previously addressed the issue in this case is not sound.

For the reasons stated, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.