THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK VON PERBANDT, Defendant-Appellant.

First District (6th Division)   No. 1—89—2375

Opinion filed November 15, 1991.

Michael J. Pelletier and Manuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

After a jury trial defendant-appellant Mark Von Perbandt was sentenced to a term of imprisonment of 60 years following his murder conviction in 1980. Defendant brought a direct appeal from that conviction; judgment and sentence were affirmed via a Rule 23 order (*People v. Von Perbandt* (1st Dist. 1982), No. 1—80—1962). In July of

1989, defendant filed, *pro se*, a petition for post-conviction relief, alleging that the jury which convicted him had received improper instructions and that defendant's trial counsel had denied defendant the right to testify on his own behalf. In August of 1989, the trial court dismissed defendant's petition without holding an evidentiary hearing. Defendant appeals this dismissal, realleging the above issues.

Defendant was charged in 1979 with the murder of Richard O'Neil. Following a jury trial, defendant was found guilty, and on June 12, 1979, defendant was sentenced to a term of imprisonment of 60 years. On appeal, defendant alleged: (1) that he was deprived of a fair trial through the improper admission of evidence and the prosecutor's comments regarding said evidence during closing argument; (2) that defendant's trial counsel was incompetent; and (3) that defendant's sentence had been improperly imposed. By way of a Rule 23 order, defendant's conviction and sentence were affirmed.

On July 28, 1989, defendant filed, *pro se*, a petition for post-conviction relief alleging, *inter alia*, (1) that the jury had been improperly instructed on the lesser-included offense of voluntary manslaughter, and (2) that defendant was "denied the right to testify in his own defense by his trial counsel." As to this latter allegation, the post-conviction petition read as follows:

> "The Petitioner, Mark Von Perbandt was denied the right to testify in his own defense by his trial counsel in that said trial counsel unilaterally informed Petitioner Mark Von Perbandt that he could NOT testify in his own behalf. No one, other than the Defendant himself, may waive this right to testify. *** In Petitioner's case this was particularly significant as his testimony was essential to establish the manslaughter defense presented at trial. *** Mark Von Perbandt wanted to testify at trial in order to repudiate [a statement of petitioner's to law enforcement personnel]. However his trial counsel refused to allow him the opportunity to do so, and Mr. Von Perbandt did not know that he could override his attorney's decision in this area."

On August 1, 1989, the trial court denied defendant's petition as "frivolous and without merit."

The first issue we address is whether the post-conviction claim that defendant was prohibited by trial counsel from testifying on his own behalf sufficiently alleged a constitutional violation so as to require further proceedings under the post-conviction act. In the case of *People v. Sanders* (1991), 209 Ill. App. 3d 366, 373, 568 N.E.2d 200,

the court discussed the statute under which defendant sought review of his claims. The court observed:

"An action brought under the Post-Conviction Hearing Act [ ] [citation] is not an appeal; rather, it is a collateral attack on a judgment of conviction. The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial, when those allegations were not, or could not have been, adjudicated previously. [Citation.]

The petitioner in a post-conviction proceeding is not entitled to an evidentiary hearing as of right; rather, the Act permits summary dismissal of a nonmeritorious petition. [Citation.] The petitioner has the burden to establish a substantial deprivation of constitutional rights [citation]; the petition must set forth facts that show the denial. [Citation.] This court will not disturb the trial court's determination absent manifest error. [Citation.] Error, to be 'manifest,' must be clearly evident, clear, plain, and indisputable. [Citation.]" 209 Ill. App. 3d at 373.

■■ The court in *People v. Lawrence* (1991), 211 Ill. App. 3d 135, 137, 569 N.E.2d 1175, recently set forth with specificity the post-conviction process:

"The Act provides a three-step process for adjudication of petitions for post-conviction relief. [Citation.] The first step requires the trial court consider the petition to determine whether it is frivolous or patently without merit. If so, the petition is dismissed [citation]. If the court decides the petition is not frivolous and patently without merit, the court must appoint counsel to represent the defendant, if indigent. [Citations.]"

The *Lawrence* court further observed that "[t]o survive dismissal at the first stage of a post-conviction proceeding, the petition need only contain a statement which presents the gist of a meritorious constitutional claim." 211 Ill. App. 3d at 138.

■■ Petitioner relies on the case of *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445, in support of his argument that it was error for the trial court to dismiss his petition, at the first stage, as frivolous and without merit. In *Dredge*, the court observed that it is recognized that a criminal defendant's prerogative to testify at his or her trial is a fundamental right which only the defendant can waive, and that the exercise of this right is not a strategic or tactical decision for trial counsel. (148 Ill. App. 3d at 913.) In *Dredge*, while the exact wording of the petition is not set forth, the court stated that defendant alleged that his trial counsel was ineffective because,

*inter alia*, counsel "did not allow her to testify on her own behalf." 148 Ill. App. 3d at 912.

The *Dredge* court further observed:

"[i]n determining the particularity with which a *pro se* petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. [Citations.] Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief ***. Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts. [Citation.]" 148 Ill. App. 3d at 913.

Acknowledging that the defendant's allegation of deprivation of the right to testify was conclusory and unsworn, the *Dredge* court observed that the petition was verified and held that "[verification], coupled with the fact that defendant's allegation that she was deprived of her right to testify at her trial is uncontradicted by anything appearing in the trial record, is sufficient to require the circuit court to appoint counsel to represent defendant [and to proceed in accord with the act.]" 148 Ill. App. 3d at 913.

In response, the State argues that "when a defendant asserts that he was denied his right to testify at trial, he must claim that during trial he asked his attorney to testify and that his attorney refused to grant the request." According to the State, the petition in this case does not establish that defendant actually asked his trial counsel to testify during the trial and that defendant's trial counsel refused to accommodate defendant in this regard. The State cites several cases in support of this argument. In *People v. Brown* (1973), 54 Ill. 2d 21, 294 N.E.2d 285, the Illinois Supreme Court held that the defendant's post-conviction petition alleged that defendant's trial counsel "refused to permit" defendant to testify in defendant's own defense. The court noted:

"Neither in the post-conviction petition in this case, with its reference to conversations which took place between the defendant and his attorney well in advance of the beginning of the trial, nor in the supporting affidavit, is there any statement that the defendant, when the time came for him to testify, told his lawyer that he wanted to do so despite advice to the contrary. In the absence of a contemporaneous assertion by the

defendant of his right to testify, the trial judge properly denied an evidentiary hearing." 54 Ill. 2d at 24.

*People v. Berry* (1988), 172 Ill. App. 3d 256, 526 N.E.2d 502, also cited by the State, did not involve a post-conviction proceeding, but rather involved a direct appeal. *People v. Knox* (1978), 58 Ill. App. 3d 761, 374 N.E.2d 957, did not involve a post-conviction hearing either, and the court observed that "[t]he record does not support either [defendant's] contention that he was prevented from testifying or that an evidentiary hearing on this question was required." (58 Ill. App. 3d at 767.) Finally, in *People v. Sanders*, a post-conviction case, the court rejected defendant's claim that his trial counsel's refusal to allow defendant to testify was ineffective representation, as defendant's claim was not supported by the record (relying on *Knox* and *Berry*). The *Sanders* case, however, involved a State appeal of a granting of the petition, where counsel had been appointed and an evidentiary hearing had taken place.

■ It is important to note that the act was amended in 1983, so that at the initial stage, the circuit court makes the determination of frivolity or lack of merit without State input. (See *Dredge*, 148 Ill. App. 3d at 912-13.) Thus, it is clear that a minimal amount of specificity is required of a petitioner at this stage. In *People v. White* (1987), 152 Ill. App. 3d 404, 504 N.E.2d 520, which the parties have not cited, the court was faced with a similar claim to petitioner's, and stated "[a]nother contention which we determine to be neither 'frivolous' nor 'patently without merit' is quite simple. Defendant alleged that his trial counsel was incompetent for failing to advise him 'of his fundamental right to testify in his own behalf.' As the record stood at the time the petition was dismissed, this allegation was not refuted." (152 Ill. App. 3d at 408.) From a reading of *Dredge* and *White*, we hold that the rule advocated by the State should not be applied to the first stage of the post-conviction proceeding, where very little detail appears to be required of the petitioner. In holding that petitioner did in fact present a claim that was not "frivolous," or "patently without merit," we emphasize that under the amended act, it is at the next stage of the proceedings, after appointment of counsel and opportunity to amend, that the sufficiency of the petition is to be challenged. Our holding does not consider the issue of whether, given *Brown* and the other cases the State cites, defendant's petition as currently worded would withstand challenge at a later point in proceedings under the act. We do, however, hold that this case should be remanded for such further proceedings under the act.

■ Next, we briefly address whether the trial court erred in dismissing defendant's post-conviction petition based on the fact that the jury at defendant's trial was erroneously instructed on the lesser-included offense of voluntary manslaughter. Defendant requests that this court refuse to follow *People v. Flowers* (1990), 138 Ill. 2d 218, 561 N.E.2d 674, where our supreme court held that the holding of *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141, does not apply retroactively to defendant's post-conviction proceeding. Defendant calls our attention to the fact that a number of Federal courts have held contrary to *Flowers*. We cannot, however, depart from the holding in *Flowers*, as a decision of our supreme court is the law of our State, binding upon both the circuit and appellate courts. (See *Friendship Manor of the Branch of King's Daughters & Sons, Inc. v. Department of Revenue* (1980), 91 Ill. App. 3d 91, 95, 414 N.E.2d 525.) Thus, the *Reddick* holding may not be applied to petitioner's post-conviction claim.

Accordingly, the dismissal of petitioner's post-conviction petition is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

EGAN and LaPORTA, JJ., concur.