THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEAN DeSAVIEU, Defendant-Appellant.

First District (4th Division)    No. 1—91—2543

Opinion filed December 30, 1993.

Anna Ahronheim, of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Sharon D. Opryszek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Jean DeSavieu, appeals from the dismissal of his *pro se* petition for post-conviction relief from his murder conviction. We consider: (1) whether the claims raised in the petition were barred by *res judicata* or waiver; (2) whether the doctrine of fundamental fairness requires this court to review the claims; and (3) whether the summary dismissal of the petition was improper because the trial court incorrectly believed that it admonished the defendant during the trial concerning his waiver of a jury instruction. For the following reasons, we affirm.

The defendant was charged with murder, and in a jury trial, he presented evidence that he shot the victim in self-defense during an argument. The defendant decided that his trial counsel should not tender a jury instruction on the lesser-included offense of voluntary manslaughter and signed a waiver to that effect. The jury found the defendant guilty of murder. During the sentencing hearing, the de-

fendant stated that he decided he did not want the instruction tendered because he felt the evidence proved he acted in self-defense. He further stated that he did not understand what the instruction meant until after he was found guilty and that his attorney did not "go into too much detail" about it. The defendant was sentenced to 40 years in prison on October 23, 1981.

The defendant appealed, raising numerous issues including that the trial court erred when it did not give the instruction *sua sponte* and that his waiver of the instruction was not knowing and voluntary; the appellate court rejected those arguments and affirmed the defendant's conviction. *People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 458 N.E.2d 504.

The defendant filed a *pro se* petition for post-conviction relief on June 14, 1991, and a motion for appointment of counsel. He argued, among other issues, that the trial court had a duty to instruct the jury on voluntary manslaughter and that the defendant "was not aware of the meaning of [the] instruction to the case." The trial court dismissed the petition without an evidentiary hearing, finding that it did not raise any constitutional basis for relief. The defendant now appeals.

OPINION

■ Under the Post-Conviction Hearing Act, a person imprisoned in the penitentiary may file a petition for relief asserting that there was a substantial denial of his constitutional rights in the trial court proceedings which resulted in his conviction. (Ill. Rev. Stat. 1991, ch. 38, par. 122—1.) The trial court shall review the petition within 30 days, and if it finds that the petition is frivolous or patently without merit, it shall dismiss the petition without a hearing. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2).) Because such petitioners are often persons of limited education, a petition is not frivolous or patently without merit when it contains a simple statement which presents the gist of a meritorious constitutional claim. (*People v. Von Perbandt* (1991), 221 Ill. App. 3d 951, 583 N.E.2d 90.) The trial court's decision to dismiss a petition at this stage will not be reversed unless it was an abuse of discretion. *People v. Dean* (1992), 226 Ill. App. 3d 465, 589 N.E.2d 888.

■ The defendant first argues that the post-conviction petition should not have been summarily dismissed because it sufficiently alleged he was denied effective assistance of trial counsel. Specifically, he claims that his trial counsel did not fully advise him on his decision not to tender a jury instruction on the lesser-included offense of voluntary manslaughter. The State responds that the issue is barred

under *res judicata* because it was decided in the direct appeal of this case.

When a defendant has filed a direct appeal from his conviction, the judgment of the reviewing court is *res judicata* to all of the issues actually decided by the court, and all other issues which could have been raised, but were not, are waived. (*People v. Flores* (1992), 153 Ill. 2d 264, 606 N.E.2d 1078.) Post-conviction relief should not be granted when the petitioner merely rephrases previously addressed issues in constitutional terms. *Flores*, 153 Ill. 2d 264, 606 N.E.2d 1078.

On direct appeal in this case, one of the issues the defendant raised was whether his waiver of·a jury instruction on voluntary manslaughter was knowing and intelligent. The appellate court noted that the defendant conceded he made the decision against the advice of his counsel and that he signed a waiver form to that effect. Also, the defendant's counsel informed the court that he had prepared the instruction, but the defendant refused to allow him to tender it. Based on these factors, the court found that the defendant's waiver was knowing and intelligent. (*DeSavieu*, 120 Ill. App. 3d at 426, 458 N.E.2d at 508.) As a result of the decision in the direct appeal, we believe that the State is correct in its argument that *res judicata* bars relitigation of this issue. It has been decided on direct appeal that the defendant's waiver of the instruction was knowing and intelligent. Although now in his post-conviction petition the defendant rephrases the issue as one involving ineffective assistance of counsel based on a failure to fully advise, the decision in the direct appeal that he knowingly and intelligently waived the instruction effectively bars that claim. As a result, the issue of ineffective assistance of counsel is barred by *res judicata*.

Even if the issue of ineffective assistance of counsel was not effectively barred by the decision in the direct appeal that the defendant's waiver of a voluntary manslaughter instruction was knowing and intelligent, the petition was insufficient to raise the claim. The failure to assert ineffective assistance of counsel on direct appeal generally results in waiver, but the waiver rule is relaxed when the facts relating to the alleged ineffectiveness do not appear on the face of the record. (*People v. Owens* (1989), 129 Ill. 2d 303, 544 N.E.2d 276.) In such a case, the allegations of the petition must be supported by affidavits, records, or other evidence or state why the same are not attached. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.) In this case, the defendant did not attach any affidavits, records, or other evidence to support his allegations.

■ In his *pro se* brief on appeal, the defendant has combined his post-conviction petition and the brief filed in his direct appeal. The

arguments raised in the brief present issues that were either resolved in the direct appeal or could have been raised in the direct appeal. As a result, these issues are barred by *res judicata* or waived. The defendant also claims that some of these issues were plain error; however, plain error cannot be used in an action for post-conviction relief to save procedurally defaulted claims (*People v. Davis* (1993), 156 Ill. 2d 149, 619 N.E.2d 750).

■ The defendant also argues that under the doctrine of fundamental fairness, this court should review his claims. The reviewing court need not strictly apply *res judicata* or waiver in post-conviction proceedings if fundamental fairness requires review of the issue. (*People v. Flowers* (1990), 138 Ill. 2d 218, 561 N.E.2d 674.) For example, fundamental fairness may justify review of a claim of ineffective assistance of counsel when the same counsel represented the defendant at trial and on appeal, which may have prevented the issue from being raised on appeal (*People v. Gaines* (1984), 105 Ill. 2d 79, 473 N.E.2d 868), but in this case, the defendant was represented by different counsel on appeal. The defendant argues that fundamental fairness should apply here because the claim turns on matters which are outside the record, relying on *People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436, and *People v. Nix* (1986), 150 Ill. App. 3d 48, 501 N.E.2d 825. In *Thomas* and *Nix*, the courts did not strictly apply the waiver rule, but the petitions in those cases were supported by the record and affidavits as to the matters that were outside the record. In this case, the record does not support the defendant's claim that he was not fully advised because it contains his signed waiver and his statements on the record. Also, the defendant did not support his post-conviction petition with affidavits relating to his conversations with his attorney on the jury instruction issue that were outside the record. Fundamental fairness does not require this court to review any of the issues the defendant raises that are barred by *res judicata* or waived.

■ The defendant also argues that the trial court's dismissal of the petition was based on the mistaken belief that the defendant waived the instruction against the court's admonishment. When the court dismissed the petition, it stated that the petition did not "set forth any constitutional basis for relief." The court also referred to the opinion in the direct appeal and stated that the appellate court "decided that [the defendant] had a right to choose not to have a voluntary manslaughter instruction given, and he made that choice against the admonishment of the court." However, the appellate court did not specifically make that finding and the record shows that the trial court did not admonish the defendant.

The defendant believes this mistake warrants reversal and relies on cases that generally provide that when a court's judgment is based on facts that are not supported in the record, the judgment must be reversed. (See *People v. Smith* (1989), 178 Ill. App. 3d 976, 533 N.E.2d 1169; *People v. Bowie* (1976), 36 Ill. App. 3d 177, 343 N.E.2d 713.) Neither case supports the defendant's position here because the mistaken belief was not the basis for the dismissal. The trial court here dismissed the defendant's petition because it found that the petition did not set forth a constitutional basis for relief, not because the court had admonished the defendant. The court's mistaken belief does not change the fact that the petition was properly dismissed.

For the foregoing reasons, the decision of the trial court to dismiss the defendant's post-conviction petition was proper.

Affirmed.

CAHILL, P.J., and JOHNSON, J., concur.