THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEROME WHITE, Defendant-Appellant.

Fourth District   No. 4—85—0739

Opinion filed February 10, 1987.

Dennis M. Doherty, of Chicago, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Champaign County, defendant, Jerome White, was convicted of murder and conspiracy to commit murder and subsequently sentenced to a term of natural-life imprisonment. On direct appeal, this court affirmed. (*People v. White* (1984), 122 Ill. App. 3d 24, 460 N.E.2d 802.) On September 23, 1985, defendant filed a verified petition for post-conviction relief in the circuit court of Champaign County. (Ill. Rev. Stat. 1985, ch. 38, par. 122—1.) The petition was comprehensive and supported by various documents, but defendant appeared *pro se*. Without holding a hearing, that court dismissed the petition on October 11, 1985, pursuant to the summary procedures provided by section 122—2.1(a) of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)). Defendant has appealed. We reverse and remand with directions that the circuit court proceed pursuant to the provisions of sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4 through 122—6).

Section 122—2.1 of the Act states:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1.

This court has previously explained in *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445, and *People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815, that the enactment of section 122—2.1 changed the procedure under the Act from a two-step to a three-step

procedure. Previously, the procedure was somewhat similar to that in most civil cases. The State could either attack the sufficiency of the petition or answer requiring proof. If the attack on the sufficiency of the petition failed, the State could deny the allegations and obtain an evidentiary hearing. Now, the court first determines whether the petition is "frivolous" or "patently without merit" and, if so, summarily dismisses it. If no such finding is made, sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4 through 122—6) are applicable. They provide for (1) a determination whether the petitioner is entitled to appointed counsel, (2) an opportunity for the petitioner to amend, (3) an opportunity for the State to challenge the sufficiency of the petition, and (4) an evidentiary hearing if the petition is deemed sufficient. The procedures set forth in sections 122—4 through 122—6 are similar to the previous two-phased procedures whereby no summary dismissal without a hearing was possible. The first phase was to determine the sufficiency of the petition and the second phase, if necessary, was to hold an evidentiary hearing on the petition.

The major thrust of defendant's petition was that he was denied due process because the indictment was based in part on perjured testimony. (*United States v. Samango* (9th Cir. 1979), 607 F.2d 877; *United States v. Serubo* (3d Cir. 1979), 604 F.2d 807.) Even though this issue was not raised on direct appeal, defendant alleged that he was not estopped to raise it because counsel on that appeal had incompetently refused his request that the issue be raised. (*People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456.) In addition, defendant maintained that trial counsel was incompetent in failing (1) to adequately investigate and prepare for trial due to his failure to secure the testimony of codefendant Bernice Caldwell; (2) to explicitly advise defendant of his right to testify on his own behalf; and (3) to discuss defense strategies with him. Another contention of defendant's petition is very difficult to comprehend but apparently is based on a theory that he was entitled to discovery at the time of the grand jury's consideration of the charges against him.

On appeal, defendant maintains that his petition, as supported by the record, is sufficient to entitle him to an evidentiary hearing thereon. Clearly, we would have no authority to order that even if we agreed with him. The issue is whether the circuit court erred in finding that the petition was "frivolous" or "patently without merit" and in failing to advance the proceedings to the second stage as described in *Dredge* and *Cooper*. The State would be entitled to attack the sufficiency of the petition and to be heard on that point in the circuit court before the court could properly order an evidentiary hearing. Defend-

ant does assert, in the alternative, that the circuit court should have advanced the proceedings to the second stage, thus requiring the State to respond. In addition to alleging that the petition was not "frivolous" or "patently without merit," he also contends that section 122—2.1 providing for a summary dismissal is unconstitutional. Because we agree with defendant as to his first allegation, we need not pass upon defendant's contention of unconstitutionality. We have upheld the constitutionality of section 122—2.1 in *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710, and *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, but the first district has held to the contrary in *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176, *appeal allowed* (1986), 112 Ill. 2d 587, *consolidated with People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47, *appeal allowed* (1986), 112 Ill. 2d 589, *and with People v. Singleton* (1986), 143 Ill. App. 3d 1159 (Rule 23 order), *appeal allowed* (1986), 112 Ill. 2d 591.

■ In *Dredge* and *Cooper* we made clear that the first-phase determination in regard to frivolity and patent lack of merit is not the same determination as the decision as to whether an evidentiary hearing is necessary. In *Dredge*, we said that the petition "need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings." (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 446.) We noted that requiring greater detail might prevent those convicted of a meaningful opportunity to present claims of constitutional deprivation. The *Mason* court, in finding section 122—2.1 invalid, noted that, by the terms of section 122—3 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—3), even the summary dismissal of a post-conviction petition is *res judicata* on questions of post-conviction relief, while the summary dismissal of a Federal *habeas corpus* petition ordinarily does not bar the filing of a subsequent petition. (*People v. Mason* (1986), 145 Ill. App. 3d 218, 224-25, 494 N.E.2d 1176, 1180-81, citing 28 U.S.C. sec. 2244(b) (1966).) While we do not agree that section 122—2.1 is invalid, the point made by the *Mason* opinion indicates that section 122—2.1 should not be given an expanded interpretation.

We are well aware of the burden placed upon the judicial system by frivolous contentions by those convicted of crime and the need for a summary method for handling such claims. We also commend the circuit judge who ruled on this petition for the thoroughness with which the decision to dismiss was made. Nevertheless, we must conclude that the interpretation given to section 122—2.1 was too expansive and made too little differentiation between the determination of whether to dismiss summarily and whether to require an evidentiary hearing.

■ Defendant's allegations concerning perjury before the grand jury concerned statements made by a law-enforcement officer in regard to what another person told him that a third person said. This officer was the only witness to appear before the grand jury and the record indicated that the prosecution had reason to know that the statements inaccurately portrayed the facts. The major reason why the trial court rejected defendant's contention in regard to this alleged perjury was because defendant had waived the issue when it was not raised in his direct appeal and fundamental fairness did not require otherwise. The cases of *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663, and *People v. Bradley* (1984), 128 Ill. App. 3d 372, 470 N.E.2d 1121, support the waiver theory. However, defendant alleged that he had requested appellate counsel to raise the perjury issue, but that was not done. Both *Brown* and *Bradley* cited *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456, as the source of the rule being applied. The *Hamby* court held that when counsel on direct appeal had refused a petitioner's request to raise an issue on that appeal, that issue was not waived for post-conviction purposes.

■ In rejecting the perjury contention, the circuit court also discussed the lack of prejudice to the defendant in view of his subsequent conviction in a proceeding where proof beyond a reasonable doubt of his guilt was made. The circuit court correctly pointed out that, almost certainly, a new indictment could have been obtained. While there appears to be much merit in the circuit court's alternative ground for rejecting the perjury contention, we deem the issue raised to be too complicated to be found to be "frivolous" or "*patently* without merit." (Emphasis added.)

Another contention which we determine to be neither "frivolous" nor "patently without merit" is quite simple. Defendant alleged that his trial counsel was incompetent for failing to advise him "of his fundamental right to testify in his own behalf." As the record stood at the time the petition was dismissed, that allegation was not refuted. The defendant did not state that he did not know that he had a right to testify, and the record would indicate that one with his background would likely know of that right. However, as this court stated in *People v. Dredge* (1986), 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, citing *Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308, the right of an accused to testify is a fundamental right which only he can waive.

In *Dredge*, this court held that summary dismissal was improper where the verified petition alleged that the defendant had not been permitted to testify in her own behalf. Here, defendant's statement of

a lack of explanation of his important right to testify was contained in his verified petition and was not disputed by the record. The deprivation alleged here is sufficiently analogous to that in *Dredge* to require second-stage scrutiny.

We are also concerned with defendant's verified and unrefuted statement that his trial counsel consulted with him before trial for only 20 minutes. While, of itself, this might not have been sufficient grounds to deny summary dismissal, it is clearly related to the contentions concerning failure to advise defendant of his right to testify and adds weight to our determination that such dismissal was improper.

In conclusion, we repeat that we are not ruling as to whether an evidentiary hearing need be held. Rather, as in *Dredge* and *Cooper*, we are requiring that the proceedings move to the second stage. Accordingly, we reverse the judgment of dismissal of October 11, 1985, and remand the cause to the circuit court of Champaign County with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.