THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARNESTINE LEMONS, Defendant-Appellant.

Fourth District   No. 4—92—0346

Opinion filed March 25, 1993.

COOK, J., dissenting.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

On March 17, 1992, defendant filed a *pro se* petition for post-conviction relief, alleging that she was denied effective assistance of counsel at trial. On March 30, 1992, the trial court dismissed defendant's petition as "frivolous and patently without merit," pursuant to section 122—2.1(a)(2) of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2)). Defendant appeals, arguing that the court erred by dismissing her petition.

We affirm.

## I. BACKGROUND

In June 1989, the State charged defendant with four counts of first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)). In January 1990, defendant entered a negotiated guilty plea to second degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—2(a)(2)). In March 1990, the trial court sentenced her to 15 years in prison. No direct appeal was taken.

On March 17, 1992, defendant filed a *pro se* petition for post-conviction relief, which alleged that she was denied effective assistance of counsel for the following reasons: (1) defense counsel "coerced defendant into accepting a fifteen year sentence where the possibility existed that she could of [*sic*] received a lesser sentence if taken to trial"; and (2) defense counsel "acknowledged the fact that defendant was indigent, but failed to give the defendant-petitioner any copies of the 'report of proceeding or common law records['] to perfect an appeal to the Illinois Appellate Court or Supreme Court."

In its March 30, 1992, order of dismissal, the trial court wrote that defendant's petition "sets out no facts supporting a claim of coercion." The court also noted that it had fully admonished defendant under Supreme Court Rule 402 (134 Ill. 2d R. 402) when she pleaded guilty, and that defendant's "guilty plea was found to be entirely voluntary." Regarding defendant's second claim, the court noted that defendant "was fully advised following her sentencing hearing *** about how to perfect her appeal rights and nothing is shown that she ever requested any assistance of her trial counsel regarding any appeal."

## II. ANALYSIS

### A. *Proceedings Under the Post-Conviction Hearing Act*

In *People v. Eddmonds* (1991), 143 Ill. 2d 501, 510, 578 N.E.2d 952, 955-56, the Illinois Supreme Court discussed the Act as follows:

"The *** Act provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred in their trial. [Citation.] A post-conviction proceeding is not an appeal *per se*, but a collateral attack upon a final judgment. [Citation.] The purpose of a post-conviction proceeding is not to determine guilt or innocence, but to inquire into constitutional issues which have not been, and could not have been, previously adjudicated. [Citation.] In a post-conviction

proceeding, the petitioner bears the burden of proving that a substantial constitutional violation occurred at trial."

■ In 1983, the General Assembly enacted Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983 (1983 Ill. Laws 6200, 6201)), which amended the Act by adding section 122—2.1 (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1). That new section authorized a trial court to dismiss a post-conviction petition that the court determined was frivolous or patently without merit, thereby avoiding the expense, bother, and delay that the processing of deficient petitions had caused the courts before the enactment of Public Act 83—942. By enacting section 122—2.1, the legislature clearly intended to expedite trial court handling of deficient post-conviction petitions.

In *People v. Dredge* (1986), 148 Ill. App. 3d 911, 912-13, 500 N.E.2d 445, 446, this court considered the 1983 amendment to the Act and determined that the Act now provided a three-stage process for adjudication of petitions for post-conviction relief. At the first stage, the trial court should not decide the petition on the merits; instead, without input from the State or further pleadings from the defendant, the court should simply determine if the petition is frivolous or patently without merit. (*Dredge*, 148 Ill. App. 3d at 912, 500 N.E.2d at 446.) "[I]n order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings." *Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446.

If the court determines at this first stage that the petition is not frivolous or patently without merit, then at the second stage the court may appoint counsel to represent an indigent defendant, and counsel will have the opportunity to amend the post-conviction petition. The State may then move to dismiss the petition. The third and final stage is an evidentiary hearing if the court has not dismissed the petition on the State's motion. *Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446.

In *People v. Porter* (1988), 122 Ill. 2d 64, 74, 521 N.E.2d 1158, 1161, the supreme court discussed section 122—2.1 of the Act and added the following regarding the petitioner's burden:

"[T]he [post-conviction] petitioner must set forth the specific manner in which his rights were violated. (Ill. Rev. Stat. 1983, ch. 38, par. 122—2.1.) The petitioner does not have to construct legal arguments or cite to legal authority. Once the petitioner sets out allegations demonstrating a meritorious constitutional

claim, he is entitled to have counsel represent him on the petition. 'While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent petitioner could not present the gist of his claim so that the trial court could make an initial determination as to whether *** the claim is frivolous.' *People v. Baugh* (1985), 132 Ill. App. 3d 713, 717[, 477 N.E.2d 724, 726]."

## B. *Defendant's Claim That Her Counsel Coerced Her Guilty Plea*

Citing *Dredge*, defendant argues that her *pro se* petition contained the gist of a meritorious claim and that "evidence of coercion could only be properly considered with the appointment of counsel and investigation of the nature of the advice and tactics employed by trial counsel when advising the defendant to plead guilty." Defendant also cites *People v. Von Perbandt* (1991), 221 Ill. App. 3d 951, 956, 583 N.E.2d 90, 93, for the proposition that only a "minimal amount of specificity is required" for *pro se* petitions. Defendant claims that her petition complied with the standards of *Dredge* and *Von Perbandt*. We disagree.

The Act requires that the allegations in the petition for post-conviction relief be supported by affidavit, the record, or other evidence. (Ill. Rev. Stat. 1991, ch. 38, pars. 122–1, 122–2.) However, the *sole extent* of defendant's allegations regarding her coercion claim is that her trial counsel "coerced defendant into accepting a fifteen year sentence where the possibility existed that she could of [*sic*] received a lesser sentence if taken to trial." In *People v. Williams* (1972), 52 Ill. 2d 466, 468, 288 N.E.2d 353, 354, the supreme court rejected a similar argument by a *pro se* petitioner and noted that the Act requires that a petition be supported by affidavits, records, or other evidence supporting its allegations. Significantly, the *Williams* court wrote that "[n]o allegation as to the time, place, what was said or other circumstances of the claimed coercion was made by affidavit or otherwise." *Williams*, 52 Ill. 2d at 469, 288 N.E.2d at 354-55.

The present case is no different than *Williams*. This record does not contain *any* statement by defendant of how, when, or where her trial counsel coerced her into pleading guilty. If she was truly coerced, we fail to understand why she cannot supply this information. It is just not that tricky or difficult for her to provide the particulars underlying the allegation of coercion in her petition. We will not permit defendant to keep that information secret, only to reveal it (as-

suming it exists) in later, amended petitions or at the hearings thereon.

The supreme court's discussion in *Porter* that we earlier quoted regarding the petitioner's burden makes clear that the supreme court's requirements for what a valid post-conviction petition must contain, as stated in *Williams*, remain valid even after *Dredge*. Similarly, in *People v. Lawrence* (1991), 211 Ill. App. 3d 135, 138, 569 N.E.2d 1175, 1177, this court acknowledged as much when it affirmed a trial court's dismissal of a post-conviction petition as frivolous and patently without merit and wrote the following:

> "[T]he allegations of a post-conviction petition must be supported by the record in the case or by accompanying affidavits. [Citations.] The defendant's petition was not supported by the record in the case or by an accompanying affidavit. For this reason alone, the trial court properly dismissed the defendant's post-conviction petition."

We note that the supreme court in *People v. Johnson* (1993), 154 Ill. 2d 227, 240, recently cited *Lawrence* approvingly for the proposition that the trial court properly dismissed the defendant's post-conviction petition due to defendant's failure to support his claims with affidavits.

■ Based on this appeal and several others which have come before us, it is evident that we must further explain the term "gist of a claim for relief which is meritorious," as used in *Dredge* (148 Ill. App. 3d at 913, 500 N.E.2d at 446). A "gist of a meritorious claim" is not a bare allegation of a deprivation of a constitutional right. Although a *pro se* defendant seeking post-conviction relief would not be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as would counsel, the *pro se* defendant must still plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right. (*Porter*, 122 Ill. 2d at 74, 521 N.E.2d at 1161.) To hold otherwise would create a *disincentive* to specificity, benefitting those who set forth their allegations solely in the broadest, most conclusionary terms with greater process—in the sense of keeping them "in the game"—over those who state all the facts and simply have an insufficient case, namely, they raise no issues of constitutional proportion.

The trial court is not prevented from closely scrutinizing the supporting documents at the first stage in the process to determine whether the allegations are frivolous or patently without merit. Indeed, we believe the enactment of section 122—2.1 of the Act encourages such an analysis. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1.)

Also, section 122—2 of the Act—which sets forth the requirements of what a post-conviction petition must contain—has been part of the Act in substantially the same language for decades. We fail to find any legislative intent to reduce the preexisting statutory requirements of section 122—2 of the Act when the legislature enacted Public Act 83—942, which added section 122—2.1 to the Act. In other words, by adding section 122—2.1 to the Act in 1983, the *last* thing the legislature intended was to *increase* the threshold at which the trial court could dismiss bogus post-conviction petitions.

Therefore, the language from *Dredge*—a post-conviction petition suffices if it sets forth the gist of a meritorious constitutional claim—means that the *pro se* petitioner need not construct legal arguments in her petition nor even understand what legal arguments the facts she presents therein might support. Instead, the trial court should consider the petition at the first stage to determine whether it contains sufficient facts upon which a meritorious constitutional claim *could be* based. In the present case, for instance, if defendant's claims had any merit, she could have set forth in her verified petition just what bad things she claims her trial counsel did that now lead her to claim she was coerced into pleading guilty. After all, at some point she will have to provide these particulars because she has the burden of proof to demonstrate she suffered a deprivation of her constitutional rights.

Additionally, we find that the statement from *Von Perbandt* that "a minimal amount of specificity is required of a petitioner" at the first stage (*Von Perbandt*, 221 Ill. App. 3d at 956, 583 N.E.2d at 93) lends no support to defendant's arguments because here we confront *zero* specificity. Defendant's claim that her trial counsel coerced her into pleading guilty is entirely conclusory and utterly devoid of even a hint of what facts might underlie that claim. If we were to accept defendant's claim that her petition is sufficient, then in effect we would be holding that *any* allegation of attorney misconduct in a post-conviction petition suffices at the first stage of the trial court's scrutiny despite the petition's total absence of factual allegations.

■ Essentially, the question before us is whether we should impose upon a trial court the expense, bother, and delay of proceeding beyond the first stage of post-conviction petition scrutiny when the particular petition before the court fails to contain factual averments. We hold that we will not impose any such requirement, and that to do so would be to squander our scarce judicial resources and the tax dollars which support our system of justice.

The trial court's written order dismissing defendant's post-conviction petition as frivolous and patently without merit found that defendant failed to set forth facts in that petition to support a claim of coercion. The trial court's determination is correct, and to hold otherwise by finding the petition before us sufficient would unleash a cascade of frivolous petitions upon the trial courts, precisely what the General Assembly hoped to stem when it added section 122–2.1 to the Act in 1983.

### C. Defendant's Claim That Counsel Failed To Give Her a Copy of the Common Law Record

Defendant's second allegation in her post-conviction petition—that her trial counsel failed to give her copies of the report of proceedings or common law record to perfect an appeal—has even less merit than her claim that her lawyer coerced her into pleading guilty. This is so because her first claim would suffice (if properly supported) to at least afford a basis for relief under the Act. Defendant's second allegation fails to do even that.

First, no reason exists why any defendant should be provided with copies of transcripts before filing an appeal. Supreme Court Rule 323 (134 Ill. 2d R. 323) clearly contemplates that transcripts will normally be prepared only *after* a defendant files a notice of appeal.

Second, defense counsel's "failure" to provide his client with copies of the common law record cannot have meaningfully—much less constitutionally—impeded defendant's ability to file a notice of appeal or to make known her interest in having a notice of appeal filed on her behalf. Defendant's claim that without the common law record and transcripts she cannot meaningfully determine whether meritorious issues for appeal exist is ridiculous. As the trial court correctly noted in its order dismissing the post-conviction petition as frivolous and patently without merit, "[defendant] was fully advised following her sentencing hearing *** about how to perfect her appeal rights and nothing is shown that she ever requested any assistance of her trial counsel regarding any appeal."

If defendant wanted to pursue an appeal, all she had to do was communicate that desire to her counsel or the court. However, she failed to do so, and now attempts to blame her inaction on her trial counsel's "failure" to provide her with copies of transcripts and the common law record. Her claims are groundless.

Finally, we emphasize that Illinois law does not require defense counsel to furnish copies of any of the documents that defendant claims her attorney failed to furnish her. Supreme Court Rule 607(b)

(134 Ill. 2d R. 607(b)) provides that a convicted defendant may petition the court for a report of the proceedings at her trial or hearing. That rule further requires the petition to be verified and to state facts showing that the petitioner was without financial means with which to obtain the report of proceedings. The record before us here shows no compliance whatsoever with Rule 607(b). To accept defendant's argument would simply read that rule out of existence by finding that somehow defense counsel at trial, not the trial court, has the obligation to furnish the documents in question. Counsel's "failure" to give copies of the record to defendant so that she could perfect her appeal cannot possibly constitute a constitutional violation cognizable in a post-conviction petition.

### III. Conclusion

For the reasons stated, we affirm the trial court's order dismissing defendant's post-conviction petition as frivolous and patently without merit.

Affirmed.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. Previous decisions have required *pro se* petitioners to state only "the gist of a claim" in order to survive dismissal at the first stage of a post-conviction proceeding. The majority concedes petitioner states the gist of a claim here: "her first claim would suffice (if properly supported) to at least afford a basis for relief under the Act." 242 Ill. App. 3d at 948.

Even before the 1983 amendments, which added section 122—2.1 to the Act, post-conviction petitioners were not automatically entitled to an evidentiary hearing. There were obstacles, strict pleading requirements which were difficult to overcome. Before an evidentiary hearing was required petitioner had to make a substantial showing of a violation of constitutional rights, and to do that the allegations in the petition had to be supported by the record or by accompanying affidavits, unless their absence was sufficiently explained. The petition or the affidavits had to identify with reasonable certainty the source, character, and availability of the alleged evidence supporting the petition's allegations. (*People v. Curtis* (1971), 48 Ill. 2d 25, 28, 268 N.E.2d 29, 30.) Section 122—5 of the Act still allows a trial court to dismiss a petition as the court did in *Curtis*, following motion and ar-

gument by the State. (Ill. Rev. Stat. 1991, ch. 38, par. 122—5.) In *Curtis*, however, and in every case decided under section 122—5, defendant was represented by counsel at the time the petition was dismissed. It is one thing to dismiss a post-conviction petition for failure to comply with technical pleading requirements when petitioner is represented by counsel, but it is quite another when petitioner is *pro se*. The cases which the majority opinion cites to support imposition of strict pleading requirements, *Eddmonds*, and even *Williams*, are cases where defendant was in fact represented by counsel. Defendant was not represented by counsel in *Lawrence*, but the cases upon which *Lawrence* relies also involved defendants represented by counsel. Defendant was not represented by counsel in *Porter*, but *Porter* does not take a hard line on pleadings, accepting the gist of a claim as sufficient.

This court resolved what was necessary for a *pro se* petition in its 1986 decision in *Dredge*. In *Dredge*, petitioner alleged in her post-conviction petition that her trial counsel "did not allow her to testify on her own behalf." (*Dredge*, 148 Ill. App. 3d at 912, 500 N.E.2d at 446.) The petition was verified, but unsupported by affidavit, the record, or other evidence. Despite the State's argument that the allegation was conclusory, this court found the petition adequately stated a claim of deprivation of defendant's constitutional right to testify. The trial court was accordingly required to appoint counsel and docket the cause for further, second stage, consideration.

> "In determining the particularity with which a *pro se* petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. (See *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *People v. Wilson* (1986), 146 Ill. App. 3d 567[, 499 N.E.2d 972].) Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings. (See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts. (*Cf. People v. Wilson* (1986), 146 Ill. App. 3d 567[, 499 N.E.2d 972].) Judged by this standard, defendant's petition adequately states a claim of deprivation of

her constitutional right to testify at trial." (*Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446-47.)

If we are now abandoning *Dredge* we should say so.

A number of cases have followed *Dredge*. In *People v. White* (1987), 152 Ill. App. 3d 404, 408-09, 504 N.E.2d 520, 523-24, this court reversed the summary dismissal of a petition which alleged petitioner was denied due process because his indictment was based on perjured testimony. There we stressed the difference between first- and second-stage dismissal. (See also *People v. Jones* (1988), 168 Ill. App. 3d 925, 937, 522 N.E.2d 1325, 1333 ("Given the low standard which a petitioner must meet in order to proceed beyond the threshold evaluation of his petition, we hold that Jones sufficiently alleged meritorious constitutional claims").) In *Von Perbandt* (221 Ill. App. 3d at 956, 583 N.E.2d at 92), the State argued the petition for post-conviction relief did not allege that defendant actually asked his trial counsel to testify and that trial counsel refused. The appellate court, reversing, rejected that argument at "the first stage of the post-conviction proceeding, where very little detail appears to be required of the petitioner." *Von Perbandt*, 221 Ill. App. 3d at 956, 583 N.E.2d at 93.

There are at least three levels of pleading: (1) the lowest level is mere notice pleading; (2) at a higher level, the pleader may not just give notice, but must set out the facts which support his cause of action; (3) at an even higher level the pleader is required, not just to state facts, but to support them with affidavits, or by references to the record. It is not clear whether the majority requires level (2) or level (3) compliance here. The majority says that it is just not that tricky for defendant to provide the particulars underlying her allegation of coercion (*Dredge* disagrees), but goes on to note the Act requires that a petition be supported by affidavits, records, or other evidence, and the legislature did not intend to reduce those requirements when it added section 122—2.1 to the Act. *Dredge* requires something close to level (1), the lowest pleading level. *Dredge* certainly did not require a *pro se* petitioner to attach affidavits or point to evidence in the record, both of which usually require some legal ability. Nor did *Dredge* impose much of a burden of stating facts: only a simple statement which presented the gist of a claim was necessary. The one requirement *Dredge* imposed beyond notice pleading was that an allegation contradicted by something appearing in the trial record would not be sufficient. While previously a petition was not sufficient unless it was supported by the record or by accompanying affidavits, a *pro*

*se* petition was sufficient under *Dredge* unless contradicted by the record.

A petition which does not "have attached thereto affidavits, records, or other evidence supporting its allegations" (Ill. Rev. Stat. 1991, ch. 38, par. 122—2) is not necessarily "frivolous or *** patently without merit" (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2)). Both the terms "frivolous" and "patently without merit" seem to address the merits of the petition, not technicalities of pleading. We should not expand section 122—2.1 of the Act to cover every deficiency which could be addressed under section 122—5 of the Act. (*White*, 152 Ill. App. 3d at 407, 504 N.E.2d at 523 (section 122—2.1 should not be given an expanded interpretation).) Section 122—2.1 of the Act would appear to be concerned with unusually bad petitions. Not every unsuccessful petition is frivolous. In *White*, this court held that an issue, probably without merit, was too complicated to be found to be "frivolous" or "*patently* without merit" (emphasis in original). *White*, 152 Ill. App. 3d at 408, 504 N.E.2d at 523.

Courts are traditionally reluctant to attempt any kind of summary resolution of a case on its merits, and the majority disclaims any intention to do so here. Once a court gets into the merits it is difficult to find a stopping point short of a full evidentiary hearing. Still, before the 1983 amendments it would appear some consideration was given to the merits on a motion to dismiss a post-conviction petition. A court which requires "a substantial showing" of a constitutional violation before setting a case for evidentiary hearing probably gives some consideration to the weight of the evidence.

Since the 1983 amendments, section 122—2.1 of the Act allows summary dismissal of a petition which is "patently without *merit*" (emphasis added) (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2)), and allows the court to examine the court file and any transcripts. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(c); see also *People v. Baugh* (1985), 132 Ill. App. 3d 713, 717, 477 N.E.2d 724, 726 (section 122—2.1 requires that post-conviction petitions be reviewed for "merit" before proceeding to the stage requiring proof).) It is difficult to believe that some appellate decisions upholding the dismissal of post-conviction petitions as frivolous or patently without merit were limited to the sufficiency of the pleadings. In other cases filed this day this court affirms the summary dismissal of articulate petitions, stating constitutional claims, with affidavits attached. *People v. Prier* (1993), 245 Ill. App. 3d 1037, 1041-42 (defendant failed to allege facts demonstrating compliance with the prejudice prong of

*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052); *People v. Ramirez* (1993), 242 Ill. App. 3d 954.

*Porter* and *Baugh* suggest that once the gist of a claim is stated the court should proceed, not to appoint counsel, but to decide whether the claim is frivolous or patently without merit. (*Porter*, 122 Ill. 2d at 74, 521 N.E.2d at 1161.) That decision should be based on the merits, not the form of the pleadings, although in section 122—2.1(a)(2) the use of the word "patently" indicates that any consideration of the merits should be a limited one. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2).) *Dredge* indicates where the stopping point is to be found: what is stated in the pleading is to be accepted unless there is a basis for rejecting it on the merits; unless it is contradicted by something which appears in the trial record. A trial court (or an appellate court) is not limited to what is said in the petition, and may decide a post-conviction petition by what it finds in the record, although a trial court is not bound to search the record in the absence of allegations "raising" a relevant issue. (*Porter*, 122 Ill. 2d at 76, 521 N.E.2d at 1162.) Of course some matters, such as what counsel told defendant, will not be included in the trial record. *Dredge* allows a trial court to reject naked allegations which are refuted by something in the record. *Dredge* may also allow a trial court to reject allegations which have some support in affidavits or otherwise, if those allegations are clearly overcome by other information in the record. *Dredge* does not, however, allow allegations to be rejected at the first stage just because the trial court is unaware of any factual support for them, as the majority opinion does here.

A petition which does not even state the gist of a claim should be dismissed without proceeding any further. The majority's most persuasive argument is that the petition here was not sufficiently specific. *Porter* does say that a petitioner under the Act "must set forth the specific manner in which his rights were violated," and cites section 122—2.1 for that proposition. (*Porter*, 122 Ill. 2d at 74, 521 N.E.2d at 1161.) (The appropriate reference would appear to be to section 122—2 of the Act.) Still, *Porter* is not inconsistent with *Dredge*. To explain what "specific" means, *Porter* (122 Ill. 2d at 74, 521 N.E.2d at 1161) quotes the "gist of [a] claim" language from *Baugh*, repeated in *Dredge*. The majority argues the petition here had "*zero* specificity" (emphasis in original) (242 Ill. App. 3d at 947), but surely that is not correct. The petition did more than assert that petitioner was entitled to relief under the Act, and did more than assert that counsel was ineffective or did not do a good job. Petitioner does not simply "indicate, without more, that [she] wish[es] to seek post-

954

conviction relief." (*Porter*, 122 Ill. 2d at 75, 521 N.E.2d at 1162.) Specificity is a relative thing as any petition could be made more specific, but section 122—2.1 of the Act does not give petitioner a second chance. As previously mentioned, the majority concedes petitioner states the gist of a claim which would afford a basis for relief under the Act. Neither *Porter* nor *Dredge* requires petitioner to be any more specific than that. Petitioner's allegation that she was coerced by counsel into accepting a 15-year sentence is as specific as the allegation in *Dredge* that counsel did not allow that petitioner to testify in her own behalf.

The right to counsel at a post-conviction proceeding is a matter of legislative grace and favor. (*Porter*, 122 Ill. 2d at 73, 521 N.E.2d at 1161.) If the legislature intended that post-conviction petitioners should not have counsel, it could easily have drafted such a rule, but no such language appears in the Act. Surely the legislature would not have provided a right to counsel which was only illusory: a right which would come into existence only if a *pro se* petitioner met an impossible pleading burden.