THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HIGINIO RAMIREZ, JR., Defendant-Appellant.

Fourth District   No. 4—92—0498

Opinion filed March 25, 1993.

COOK, J., dissenting.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

In the circuit court of McLean County, the *pro se* post-conviction petition of defendant Higinio Ramirez was dismissed as frivolous and patently without merit. (Ill. Rev. Stat. 1991, ch. 38, par. 122–2.1(a)(2).) Defendant appeals, arguing that there were sufficient factual allegations in the petition relating to the constitutional issues of (1) the voluntariness of defendant's guilty plea and the right to the effective assistance of counsel at that stage in the proceedings, and (2) that the attorney representing defendant in his direct appeal labored under a conflict of interest.

Defendant had pleaded guilty to unlawful possession of more than 500 grams of cannabis with the intent to deliver, a Class 2 felony. (Ill. Rev. Stat. 1989, ch. 56½, par. 705(e).) As a result of plea negotiations, the State dismissed charges of the unlawful possession of more than 500 grams of cannabis, cannabis trafficking, and armed violence based on the possession of more than 500 grams of cannabis while armed with a Browning .38-caliber semiautomatic handgun. (Ill. Rev. Stat. 1989, ch. 56½, pars. 704(e), 705.1(a); ch. 38, par. 33A–2.) Defendant was sentenced to serve a term of imprisonment of **five**

years and was fined $30,000, the street value of the cannabis. On direct appeal, the only issue raised concerned whether the sentence resulted from an abuse of discretion. After due consideration of the arguments presented and the cited authority, this court affirmed defendant's conviction in an unpublished order. *People v. Ramirez* (4th Dist. 1992), No. 4—91—0524 (unpublished order under Supreme Court Rule 23).

In his petition for post-conviction relief, defendant includes the following allegations on which he relies in this appeal:

"[(1)] That his attorney [Michael O'Rourke] rendered ineffective assistance at trial by promising the defendant that he had a deal wherein the Judge had agreed to sentence defendant to a two year term of probation.

\*\*\*

[(3)] That appellate counsel rendered ineffective assistance of counsel in that he filed appeal on grounds unknown to defendant and without consent of defendant.

[(4)] Defendant maintains that his guilty plea was coerced by a false promise from attorney O'Rourke."

In support of his allegations, the defendant filed an affidavit in which he averred as follows:

"Mr. O'Rourke talked me into a guilty plea by telling me that he was good friends with the judge and that he had worked out a deal so that I would get a two year term of probation. I would not have plead [sic] guilty to a crime that I did not commit except for the coercion of my attorney. His promise of two years['] probation looked like it would make it possible for me to take a lot of financial pressure off my family.

Since my incarceration it has been apparent that Mr. O'Rourke cheated me [out] of proper representation in this case and since then has also cheated my friend out of $5,000.00 that she was told he must have in order for me to be able to appeal my case. ([H]er affidavit is attached[.])

\*\*\*

I have written to Mr. O'Rourke and tried to call him on many occasions since my incarceration. He refuses to speak to me on the telephone and has not answered my letters. As far as I have been able to determine he has done nothing on my appeal other than cheat Ms. Dela [sic] Fuente out of the fee."

The petition was also accompanied by the affidavit of Emma De La Fuente in which she stated:

"I spoke with Mr. Higinio Ramirez at the McLean County Jail on May 1st or 2nd of 1991. We discussed at that time his recent conviction and his desire to appeal that conviction.

Mr. Ramirez asked me to try to get the transcripts, and all other paperwork, including a signed statement by the hitch hiker [sic], admitting that he was the guilty party, from his trail [sic] lawyer, Mr. J. O'Rourke [sic], of Bloomington, Illinois. Mr. Ramirez was very unhappy with the way he was represented by Mr. O'Rourke and wished to have a different attorney for the appeal.

The next day, when I spoke with Mr. O'Rourke, he told me that if an appeal was to be filed, he would be the only one who could do it. I was not able to talk with Mr. Ramirez about this because he had been transferred from the McLean County Jail to the Illinois Department of Corrections. I had no idea where or how to find him.

I do not know anything about the law or procedures in appealing a case, Mr. Ramirez definitely wanted to appeal, and I assumed that the attorney was telling me the truth about being the only one who could file the appeal. Therefore, I gave Mr. O'Rourke a deposit of $1,000 on the $5,000 fee that he demanded. When I returned to Texas I sent the $4,000 balance to Mr. O'Rourke via Mrs. Ramirez's name.

I have tried innumerable times to contact Mr. O'Rourke since then with no response at all. After talking with Mr. Ramirez, I realized that he was in no way willing to have Mr. O'Rourke represent him again. Though I have tried to convey this message to Mr. O'Rourke and to get his money back there has been no reply by mail, and he refuses to talk to me on the telephone."

In *People v. Dredge* (1986), 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 446-47, this court stated as follows:

"In determining the particularity with which a *pro se* petitioner for post-conviction relief must state alleged deprivations of constitutional rights in her petition, we note that such petitioners are often persons of limited education. (See *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *People v. Wilson* (1986), 146 Ill. App. 3d 567.) Therefore, we conclude that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when

considered in view of the record of the trial court proceedings. (See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts. (*Cf. People v. Wilson* (1986), 146 Ill. App. 3d 567.)"

Nevertheless, a *pro se* defendant must still plead sufficient facts in the petition for post-conviction relief from which the trial court could find a valid claim of deprivation of a constitutional right. (*People v. Lemons* (1993), 242 Ill. App. 3d 941, 946.) In order to determine that a defendant received ineffective assistance of counsel in a guilty plea proceeding, defendant must demonstrate that the attorney's performance fell below an objective standard and that there is a reasonable probability that, without the defense attorney's diminished performance, the guilty plea would not have been entered. (*People v. Jones* (1991), 144 Ill. 2d 242, 254, 579 N.E.2d 829, 834.) We note, however, that generally an affirmance of a conviction on appeal has a *res judicata* effect on all ·issues which were or could have been raised on direct appeal. *People v. Jones* (1988), 174 Ill. App. 3d 794, 797, 529 N.E.2d 66, 68.

Defendant argues that either his guilty plea was involuntary or he was denied the effective assistance of counsel because, according to defendant, defense counsel represented that "a deal" was made with the judge. Defendant's argument is that we could not expect a defendant who was told that the "fix was in" to tell that to the judge at the time of being admonished in open court at the guilty plea stage of the proceeding. Even were we to accept this argument, it is preposterous that defendant would not have revealed the "betrayal" he would have believed occurred when he was actually given a greater sentence than he expected to receive. Such a revelation by the defendant could have come either at the sentencing hearing or at the hearing on the motion to withdraw the guilty plea. At the hearing on the motion to withdraw the guilty plea, defendant testified he believed he was going to get probation. Although defendant was represented by O'Rourke at the hearing on the motion to withdraw the guilty plea, he did not allege any facts which would have prevented him from telling the judge at that hearing of the alleged statement by his defense counsel. Indeed, the trial judge examined defendant and defendant conceded to the judge that he had signed an agreement which stated that a five-year term of imprisonment was the highest sentence that could be imposed.

Defendant does not argue he was improperly admonished at the guilty plea proceeding, and he has not provided a transcript of the guilty plea proceeding as part of the record for this court to examine. Such a record would help in ascertaining whether defendant's post-conviction allegations have any merit. Defendant, as appellant, has the responsibility of providing a sufficiently complete record to support his claims, and in the absence thereof, the trial court will be presumed to have acted correctly. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959; *People v. Kline* (1982), 92 Ill. 2d 490, 509, 442 N.E.2d 154, 163; *People v. Edwards* (1978), 74 Ill. 2d 1, 6-8, 383 N.E.2d 944, 946-47.) The record in this case does not contain a transcript of the guilty plea proceeding or the sentencing hearing. It also does not contain the motion to withdraw the guilty plea or the certificate filed by defense counsel at that time.

■ In spite of the obvious inadequacies of this record, it is clear defendant had an opportunity to raise the issues concerning the voluntariness of his guilty plea, and in fact did so, complaining that he thought he was going to get probation. He also had the opportunity at that time to complain that his attorney made a misrepresentation to him. Since these issues could and should have been raised earlier, they will not be considered in a post-conviction petition. *People v. Barnard* (1984), 104 Ill. 2d 218, 228, 470 N.E.2d 1005, 1008; *People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335; *People v. Seidler* (1990), 203 Ill. App. 3d 666, 669, 561 N.E.2d 386, 388.

■ Defendant also alleged that, when O'Rourke pursued the appeal on defendant's behalf, he was laboring under a conflict of interest. Defendant argues that O'Rourke had an interest in protecting his professional reputation which conflicted with defendant's interest in advancing a claim of ineffective assistance of counsel. When counsel is called upon to argue his own ineffectiveness, a conflict of interest arises. (*People v. Fields* (1980), 88 Ill. App. 3d 821, 823-24, 410 N.E.2d 1178, 1180.) However, as already noted, defendant never raised the ineffective assistance argument prior to the direct appeal, although he had the opportunity to and should have done so. Since defendant did not raise the ineffectiveness argument, there was no conflict of interest.

This is not a "catch-22" situation. The failure to raise the alleged statement by counsel at the sentencing hearing or at the hearing on the motion to withdraw the guilty plea gives the distinct impression that this allegation is a recent fabrication presented in an attempt to avoid serving the sentence. In addition, the failure to raise the alleged ineffectiveness prior to the direct appeal removes the purported con-

flict of interest as defense counsel was never put in the position of having to argue his own ineffectiveness.

For the foregoing reasons, the dismissal by the circuit court of McLean County of defendant's *pro se* post-conviction petition as frivolous and patently without merit is affirmed.

Affirmed.

LUND, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent, for the reasons set forth in my dissenting opinion in *People v. Lemons* (1993), 242 Ill. App. 3d 941, 949. In *Lemons* the majority held the petition was not specific enough and was not supported by affidavits. The petition here is specific, and supported by affidavits, but is still rejected. I would be willing to support a summary dismissal on the merits where the record clearly refutes what is said in the petition or in the affidavits, but do not see that to be the case here.

An issue which could have been raised at trial is not an appropriate subject of a post-conviction petition. Strict application of the doctrine of *res judicata* may be relaxed, however, where fundamental fairness so requires. "It would be unreasonable to expect appellate counsel to convincingly raise and argue his own incompetency." (*People v. Gaines* (1985), 105 Ill. 2d 79, 91, 473 N.E.2d 868, 875.) If counsel told defendant that defendant would receive probation even though the plea agreement allowed a maximum of five years defendant may have received ineffective assistance of counsel. Defendant may not have believed that he was engaged in any wrongdoing—State's Attorneys, for example, sometimes agree to a potential maximum sentence which includes prison time, but agree further that they will not argue for prison time. On the second issue, defendant had a right to employ counsel of his choice on appeal, and if it is true counsel told defendant no change was possible on appeal, defendant may have been deprived of that choice.