THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL A. SHEVOCK, Defendant-Appellant.

Fourth District    No. 4—03—1008

Opinion filed November 12, 2004.

Daniel D. Yuhas and Nancy L. Vincent, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J.

Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Paul A. Shevock, filed a *pro se* petition for postconviction relief, and on the authority of *People v. Collins*, 202 Ill. 2d 59, 782 N.E.2d 195 (2002), the trial court summarily dismissed the petition as "frivolous and patently without merit." See 725 ILCS 5/122—2.1(a)(2) (West 2002). Simultaneously, the court sent a letter to Centralia Correctional Center, where defendant was incarcerated, notifying the warden of its finding that the petition was frivolous. See 730 ILCS 5/3—6—3(d) (West 2002). After a hearing before the adjustment committee, the Department of Corrections (DOC) revoked six months of good-conduct credit as punishment for the offense of "frivolous pleading" (20 Ill. Adm. Code § 504, app. A, No. 212 (2003) (see 27 Ill. Reg. 6241, 6295, eff. May 1, 2003)). See 730 ILCS 5/3—6—3(d) (West 2002).

Defendant appeals on two grounds. First, he argues that in *People v. Boclair*, 202 Ill. 2d 89, 789 N.E.2d 734 (2002), the supreme court overruled *Collins sub silentio* (see *Boclair*, 202 Ill. 2d at 127, 789 N.E.2d at 756 (McMorrow, J., specially concurring)) and that by the standards of *Boclair* and *People v. Edwards*, 197 Ill. 2d 239, 757 N.E.2d 442 (2001), his petition passes muster in the first stage of a postconviction proceeding. Second, he argues the trial court deprived him of due process by mailing the finding of frivolity to DOC without first giving him an opportunity to contest the finding.

We need not decide whether *Boclair* overruled *Collins*, for defendant's postconviction petition is so vague, so conclusory, and so utterly bereft of any factual detail whatsoever that it falls short of the liberal pleading standards of *Boclair* and *Edwards*. Due process gave defendant a right to a hearing before DOC, not the trial court, and if the hearing before DOC fell short of due process, defendant should have sued DOC. Therefore, we affirm the trial court's judgment.

## I. BACKGROUND

Defendant filed his petition for postconviction relief on October 3, 2003. All of the alleged constitutional violations are in paragraph 5 of the petition, which states:

"Petitioner[']s constitutional rights were violated under the [f]ourth, [s]ixth[,] and [f]ourteenth [a]mendment[s] [(U.S. Const., amends. IV, VI, XIV)]. In that petitioner did not receive the effective assistance of trial counsel[;] in that said counsel refused to challenge the [S]tate's knowing use of perjured affidavits to obtain search warrants; the [S]tate's introduction of evidence which had been unlawfully obtained; and [trial counsel] further refused to

cross-examine a key prosecution witness[,] in direct and willful violation of the petitioner's confrontation rights; and refused to challenge the [S]tate's tender of jury instructions which unlawfully shifted the burden of proof to the defendant. Petitioner was further denied the effective assistance of appellate counsel, in that said counsel refused to raise the foregoing meritorious issues, despite her awareness of the same and despite petitioner's insistence that she do so."

The petition elaborates no further.

The affidavit reads as follows:

"I, Paul Shevock, being first duly sworn, under oath, do hereby depose and state that I am in [*sic*] the petitioner in the above entitled cause, that I have read the foregoing petition for [postconviction] relief and have knowledge of its contents, that I am competent to testify and if called would so testify, and that all statements set forth herein are true and correct in substance and in fact."

On October 30, 2003, the trial court held the affidavit was merely "a verification and *** not a true affidavit under the laws of the State of Illinois." "Each and every allegation in *** paragraph [5 of the petition] is a conclusion," the court said, with "nothing attached" to the petition and no explanation. Defendant never explained, for example, whom his trial counsel should have cross-examined and what the cross-examination might have accomplished. He never specified which jury instructions were incorrect. Finding defendant's "claims [to be] frivolous and patently without merit," the court summarily dismissed the postconviction petition.

Also on October 30, 2003, the trial court mailed the warden a letter stating that plaintiff's postconviction petition "was determined to be frivolous ***. I am informing you of this pursuant to [section 3—6—3(d) of the Unified Code of Corrections (730 ILCS 5/3—6—3(d) (West 2002))] with regard to the inmate[']s[ ] good[-]conduct credits." The adjustment committee found defendant guilty of offense No. 212, "Frivolous Lawsuit" (20 Ill. Adm. Code § 504, app. A, No. 212 (2003) (see 27 Ill. Reg. 6241, 6295, eff. May 1, 2003)), and recommended the maximum penalty of revocation of six months' good-conduct credits (20 Ill. Adm. Code § 504, Table A, No. 212 (2003) (see 27 Ill. Reg. 6241, 6307, eff. May 1, 2003)).

On November 14, 2003, defendant filed a "Motion for Rehearing" (actually, a motion for reconsideration, since there had never been a hearing), in which he argued that *Boclair* had overruled *Collins* and the trial court had therefore erred in summarily dismissing his postconviction petition. On November 17, 2003, the court denied the motion on the ground that reconsideration of the summary dismissal of a

postconviction petition was unauthorized by statute or supreme court rule.

This appeal followed.

## II. ANALYSIS

### A. Gist of a Constitutional Claim

In *Edwards*, 197 Ill. 2d at 241, 757 N.E.2d at 443-44, the defendant pleaded guilty pursuant to a deal with the State, and the trial court imposed its sentence. He filed no further pleadings until his postconviction petition. *Edwards*, 197 Ill. 2d at 242, 757 N.E.2d at 444. In the petition, he alleged he had told his attorney to file an appeal but his attorney had refused to do so. *Edwards*, 197 Ill. 2d at 242, 757 N.E.2d at 444. The trial court summarily dismissed the petition as "frivolous or patently without merit" (see 725 ILCS 5/122—2.1(a)(2) (West 1998)). *Edwards*, 197 Ill. 2d at 241, 757 N.E.2d at 443. To allege ineffective assistance of counsel, the trial court reasoned, the defendant had to " 'show prejudice. In the least, [this] would apparently mean that the [defendant] would have to show grounds for a motion to withdraw a guilty plea.' " *Edwards*, 197 Ill. 2d at 242, 757 N.E.2d at 444. We agreed with the trial court (*Edwards*, 197 Ill. 2d at 243, 757 N.E.2d at 445), but the supreme court disagreed with both the trial court and us (*Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 453).

The supreme court explained that "[t]he 'gist' standard [was] 'a low threshold' [citation]" and to allege the " 'gist' of a constitutional claim," a defendant " 'need[ed] only [to] present a limited amount of detail' [citation] and hence [did not] need *** [to] set forth the claim in its entirety." *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). In keeping with those principles, the supreme court rejected the " 'sufficient[-]facts' test," under which a defendant had to " ' "plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right." ' " (Emphasis in original.) *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting *Edwards*, 197 Ill. 2d at 260, 757 N.E.2d at 455 (Fitzgerald, J., specially concurring), quoting *People v. Lemons*, 242 Ill. App. 3d 941, 946, 613 N.E.2d 1234, 1237 (1993). Requiring such "full or complete pleading," the supreme court reasoned, would conflict with *Gaultney*'s holding that the *pro se* defendant needed to present only " 'a limited amount of detail' " in the first stage of the postconviction proceeding. *Edwards*, 197 Ill. 2d at 245, 757 N.E.2d at 446, quoting *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d at 106. The "gist" of a claim was, by definition, "something less than a completely pled or fully stated claim." *Edwards*, 197 Ill. 2d at 245, 757 N.E.2d at 446. It would be "unreasonable to place a burden

on the *pro se* defendant to demonstrate the merits of his hypothetical appeal." *Edwards*, 197 Ill. 2d at 254, 757 N.E.2d at 451.

To allege, in its entirety, a claim of ineffective assistance of counsel, the defendant in *Edwards* would have had to allege not only his attorney's substandard performance (see *Strickland v. Washington*, 466 U.S. 668, 690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2066 (1984))— and he did so by alleging the attorney's refusal to file an appeal—but he also had to allege a reasonable probability that the result in his case would have been different had his attorney filed the appeal (see *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). Alleging prejudice would have entailed "demonstrat[ing] the merits of his hypothetical [postplea motion and] appeal." *Edwards*, 197 Ill. 2d at 254, 757 N.E.2d at 451. The defendant alleged no facts establishing prejudice, and thus his claim was incomplete: it was merely the "gist" of a claim. *Edwards*, 197 Ill. 2d at 245, 757 N.E.2d at 446. But the "gist" of a claim was all the Post-Conviction Hearing Act (725 ILCS 5/122—2 (West 2002)) required at the first stage of the postconviction proceeding (*Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445), and he had stated the "gist" by alleging at least one factual element, namely, the attorney's substandard performance by refusing to file an appeal (*Edwards*, 197 Ill. 2d at 242, 757 N.E.2d at 444). Given that factual allegation, summary dismissal of the petition was premature. The petition was not "so completely lacking in substance that it [was] frivolous or patently without merit." *Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 453. On its face, the petition had potential merit: the defendant was well on his way to stating a viable claim of ineffective assistance of counsel.

■ According to the supreme court, a postconviction petition " 'need only present a limited amount of detail.' " *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d at 106. Thus, a petition need not present *all* the details. By the same token, the petition must at least present *some* details (a "limited amount"). In the present case, defendant's postconviction petition presents no details whatsoever. As he admits in his brief, "all *facts* asserted [in the petition] must be taken as true." (Emphasis added.) See *People v. Manikowski*, 288 Ill. App. 3d 157, 163, 679 N.E.2d 840, 845 (1997). His petition, however, is so thoroughly sanitized of facts that there are none to take as true.

Defendant accuses the State of knowingly presenting perjured affidavits but does not say what the lies were or how the State knew they were lies. By accusing someone of lying without saying what the lie is, one merely utters an empty conclusion. *Unterschuetz v. City of Chicago*, 346 Ill. App. 3d 65, 76, 803 N.E.2d 988, 997 (2004). Defendant

claims some of the jury instructions improperly shifted the burden of proof, but he does not say which instructions did so or even attempt to paraphrase the offending instructions. As for defense counsel's decision not to cross-examine a witness, that is presumed to be trial strategy and, therefore, not ineffective assistance. See *People v. Jacobs*, 308 Ill. App. 3d 988, 993, 721 N.E.2d 1160, 1164 (1999). In short, defendant's postconviction petition is "so completely lacking in substance that it is frivolous [and] patently without merit" (*Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 453).

## B. Due Process

■ Citing *Wolff v. McDonnell*, 418 U.S. 539, 559, 41 L. Ed. 2d 935, 952-53, 94 S. Ct. 2963, 2976 (1974), among other authorities, defendant argues:

> "[T]he trial court's actions denied [him] the very due process granted by Illinois law before the DOC stripped him of his good[-]time credits. At the very least, [defendant] had the due[-]process right to contest the trial court's finding that his [postconviction] petition was frivolous, before suffering the loss of six months' good time."

According to the Supreme Court in *Wolff*, 418 U.S. at 566, 41 L. Ed. 2d at 956-57, 94 S. Ct. at 2979-80, due process requires the government to give the inmate an opportunity for a hearing before revoking good-time credit as a punishment for violating prison rules.

The hearing, however, should be "before the *** tribunal empowered to perform the judicial function involved." *Baltimore & Ohio R.R. Co. v. United States*, 298 U.S. 349, 368-69, 80 L. Ed. 1209, 1224, 56 S. Ct. 797, 807 (1936). With regard to defendant's due-process claim, the "judicial function involved" was the finding that he had violated offense No. 212 (20 Ill. Adm. Code § 504, app. A, No. 212 (2003) (see 27 Ill. Reg. 6241, 6295, eff. May 2003)) and the resulting punishment of revocation of 180 days' good-conduct credit. That finding and punishment were not part of the judgment in this case. The trial court's summary dismissal of the postconviction petition served merely as the basis of a "charge" before DOC, the tribunal empowered to find defendant guilty or not guilty of the DOC-defined offense of "frivolous pleading" (20 Ill. Adm. Code § 504, app. A, No. 212 (2003) (see 27 Ill. Reg. 6241, 6295, eff. May 1, 2003)). See 730 ILCS 5/3—6—3(d) (West 2002). If the hearing before DOC failed to satisfy due process, defendant should have administratively challenged that decision or brought an appropriate action against DOC.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and TURNER, J., concur.